

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MANUEL PALMA-MADRID,<br><br>Petitioner,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV 14-1014<br>CR 12-10065<br><br>OPINION AND ORDER<br>DENYING MOTION TO VACATE<br>AND ORDER DENYING<br>CERTIFICATE OF APPEALABILITY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Petitioner, who is confined at the Federal Correctional Institution in Ray Brook, NY, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to illegal reentry after deportation and was sentenced on June 10, 2013, to 75 months custody. Petitioner did not appeal his conviction or sentence. Petitioner contends in his motion to vacate that he received ineffective assistance of trial counsel in failing to object to the imposition of certain criminal history points which resulted in a higher guideline sentencing range.

I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

## DECISION

### I. Ineffective Assistance of Counsel.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington,

466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)) The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner contends counsel was ineffective in failing to object to the imposition of two criminal history points which were assessed pursuant to Guidelines § 4A1.1(d) which provides:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

In the presentence investigation report, two points were assessed pursuant to the above section based upon defendant's February 18, 2009, harassment conviction in Greely, Colorado, and his resulting sentence of "18 months deferred sentence, term of probation, fines and costs." Defendant contends the two points were improperly assessed because there is no indication in the report that he was on probation for any period of time and certainly not until 2013.

Application Note 4 to § 4A1.1 provides, in relevant part:

> Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation . . .

The offense of illegal reentry under 8 U.S.C. § 1326 "begins on the date of reentry" and "is an ongoing offense that continues until a person is discovered by authorities." United States v. Delgado-Hernandez, 646 F.3d 562, 567 (8th Cir. 2011). For Guidelines purposes, defendant's relevant conduct is calculated from the date he last reentered the country and continues until he is discovered by authorities. *Id.* The relevant conduct of defendant's offense started on the date when the defendant re-entered the United States. We know that defendant was in the United States when he was arrested on February 17, 2009 in Greely, Colorado for harassment. The illegal reentry offense continued until his arrest on the federal warrant on February 5, 2013. Clearly, the relevant conduct of his federal offense was occurring on February 18, 2009, when he was placed on probation. It does not matter whether he was placed on probation for one hour or

18 months - he was sentenced to a period of probation and he committed the continuing offense of illegal reentry while on probation.

Counsel was not ineffective in failing to object to the imposition of the two criminal history points pursuant to Guidelines § 4A1.1(d) because the points were properly assessed.

Petitioner contends counsel was ineffective for failing to object to the imposition of one criminal history point pursuant to the former Guidelines § 4A1.1(e), the so-called "recency" provision. That provision provided:

> Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a)( or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

That provision was struck from the Guidelines by Amendment 742 effective November 1, 2010, and former subsection (f) was redesignated as subsection (e). Petitioner's criminal history score was calculated pursuant to the 2012 Guidelines Manual.

Counsel was not ineffective in failing to object to the imposition of one criminal history point pursuant to the recency provision because no such point was assessed.

## II. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion, after an extensive review of the record, that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## ORDER

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

3

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner pleaded guilty to illegal reentry and was sentenced to 75 months imprisonment. He did not file a direct appeal. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he received ineffective assistance of counsel. I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motions. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

Dated this 27th day of June, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)